IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-OP1 ASSET BACKED PASS-THROUGH CERTIFICATES, <br><br> Plaintiff, <br><br> v. <br><br> MARGARET GOSTON; DARRELL HUBBARD; DORAN GOSTON, JR.; JEFFREY GOSTON; LASHONDA ENGLISH, IN HER INDIVIDUAL CAPACITY AND AS NEXT FRIEND OF T.J., A MINOR; RATOSHIA D. KEYS; JOSHUA A. KEYS; AND THE UNKNOWN HEIRS AT LAW OF DORAN ALLEN GOSTON, DECEASED, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:15-cv-172 |

## DEFAULT JUDGMENT AGAINST NAMED DEFENDANTS

On this day came on to be considered the above-entitled and numbered cause wherein HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP1 Asset Backed Pass-Through Certificates ("HSBC Bank") is Plaintiff, and Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys are Defendants. Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys, although having been duly and legally cited to appear and answer, failed to appear and answer and wholly made default on Plaintiff's claims against them.

Pursuant to Federal Rule of Civil Procedure Rule 55(b)(1), it appears that judgment by default should be entered against Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys based on the following:

## I.

Plaintiff's *Original Complaint* was served on Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity, according to law and returned to the Clerk.

The Clerk's default of Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity was entered on November 6, 2015.

Plaintiff's *First Amended Complaint* ("Complaint") was served on Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity, according to law and returned to the Clerk.

Plaintiff filed its *Request for Entry of Default by the Clerk* as to Defendants LaShonda English, as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys on March 7, 2017.

The Court has read the pleadings and the papers on file, and is of the opinion that the allegations of Plaintiff's Complaint have been judicially admitted by Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys. The Court further finds that Plaintiff does not seek monetary damages against Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys, but instead seeks certain

declarations and a judgment allowing foreclosure of the real property that is the subject of this matter.

## II.

In light of Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys' default and the nature of Plaintiff's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain Texas Home Equity Adjustable Rate Note in the amount of $227,000.00 executed on or about December 28, 2005 by Decedent Doran Allen Goston and Margaret Goston, and originally made payable to New Alliance Mortgage, LLC (hereinafter "Note"), as lender on a loan secured by the real property commonly known as 2806 W FM 1462, Rosharon, Texas 77583, and more particularly described by meets and bounds in the subject Security Instrument (the "Property"). It is further,

**ORDERED, ADJUDGED AND DECREED** that a certain Texas Home Equity Security Instrument (First Lien) ("Security Instrument" and all together with the Note, "Loan Agreement"), which was executed by Decedent Doran Allen Goston and Margaret Goston and recorded in the official public records of Brazoria County, Texas, as on January 13, 2006 as instrument number 2006002825, and which grants the beneficiary, its successors and assigns, a

security interest in the Property, provides Plaintiff—as the current holder of the Note and beneficiary of the Security Instrument—in the event of a default on the obligations on the Note, with a first-lien security interest on the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is owner and holder of the Note and beneficiary and mortgagee of the Security Instrument. It is further,

**ORDERED, ADJUDGED, and DECREED** that Doran Allen Goston died on or around January 1, 2014; no probate was opened for him; his heirs acquired all of his interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff; and all his heirs at law have been made parties to this suit. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorneys' fees; pre-judgment interest; post-judgment interest; and costs of court. It is further,

**ORDERED, ADJUDGED, and DECREED** that due to event of default on the Note, Plaintiff or its successors or assigns may enforce its lien against the Property through non-judicial foreclosure of the Property via trustee's sale at public auction, as provided in the Security Instrument and Texas Property Code § 51.002. It is further,

**ORDERED, ADJUDGED, and DECREED** that all foreclosure notices shall be mailed as required by the Security Instrument and in accordance with Texas Property Code § 51.002. It is further,

**ORDERED, ADJUDGED, and DECREED** that the purchaser at the foreclosure sale authorized by this order will be vested with full ownership in the Property including all of the interest held by Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey

Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys. It is further,

**ORDERED, ADJUDGED, and DECREED** that Plaintiff is entitled to a writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure. It is further,

**ORDERED, ADJUDGED, and DECREED** that all costs are to be taxed against Defendants. It is further,

**ORDERED, ADJUDGED, and DECREED** that all writs and processes necessary for the enforcement and execution of this Default Judgment may issue. It is further,

**ORDERED, ADJUDGED, and DECREED** that this judgment is as to Defendants Margaret Goston, Darrell Hubbard, Doran Goston, Jr., Jeffrey Goston, LaShonda English, in her individual capacity and as Next Friend of T.J., a minor, Ratoshia D. Keys and Joshua A. Keys and the Unknown Heirs at Law of Doran Allen Goston, Deceased, remain pending before the Court.

Signed this 21st day of April 2017.

*Joyce Hall*
**U.S. DISTRICT JUDGE**